The Law Office of Matt Bryant, P.C.
25 Roslyn Rd.
Mineola, NY 11501
(516) 243-9908
(516) 493-9641 (fax)
matt@nyrightslaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUELLA TINE,<br><br>Plaintiff,<br><br>- *against* -<br><br>AH LAW FIRM PLLC, and MD AHSAN HABIB,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR JURY TRIAL |

Plaintiff Samuella Tine complains pursuant to Title 29, Labor, Chapter 8, Fair Labor Standards, sections 207, 215, 216 et seq., and Title 26, Internal Revenue, Chapter 76, Judicial Proceedings, section 7434 of the United States Code; and Chapter 18 of the Consolidated Laws of New York, Executive Law, Article 15, Human Rights Law, section 296; and Chapter 31, Labor, Article 6, Payment of Wages, section 198, Article 7, General Provisions, section 215, and Article 20-C Retaliatory Action by Employers; and Title 8 of the New York City Administrative Code, Civil Rights, Chapter 1, Commission on Human Rights, Section 8-107; and Title 12, Chapter II of the Rules and Regulations of the State of New York, Division of Labor Standards, Subchapter B, Minimum Wage Orders, Part 142, Misc. Industries and Occupations, sections 142-2.2, and 142-2.4; against Defendants AH Law Firm PLLC and Md. Ahsan Habib:

## PARTIES

1. Plaintiff is an adult resident of the State of New York, residing in Bronx County.

2. Defendant AH Law Firm PLLC (AH Law Firm) is a domestic New York professional limited liability company, first organized on March 15, 2021.

3. Defendant Md. Ahsan Habib is an adult resident of the State of New York.

## JURISDICTION AND VENUE

4. At all relevant times, AH Law Firm's principal place of business was 164-13 Hillside Avenue, Jamaica, New York 11432.

5. At all relevant times, AH Law Firm was engaged in interstate commerce within the meaning of the FLSA, and its annual gross volume of business exceeded $500,000.

6. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 26 USC 7434.

7. This Court has supplemental jurisdiction over Plaintiff's NYLL and WTPA claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's FLSA and misclassification claims.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendants conduct business in this District, maintain their principal place of business in this District, and the acts and omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

9. Defendants employed Ms. Tine from March 7, 2024, through approximately March 10, 2025 (the "Employment Term").

10. During the Employment Term, Defendants employed Plaintiff for supervised, on-site, non-exempt services rendered for their benefit in exchange for off-the-books cash payments.

11. During the Employment Term, Defendants employed Plaintiff without a written contract for a certain term, project, or job.

12. During the Employment Term, Defendants told Plaintiff that she would be placed on payroll.

13. Defendants originally hired Plaintiff to conduct client intakes.

14. Defendants subsequently assigned Plaintiff to interpret for Senegalese clients.

15. Defendants later assigned Plaintiff legal assistant duties.

16. Defendants further assigned Plaintiff reception duties before her termination.

17. Plaintiff's primary job duties included providing translation services for Defendants' Senegalese clientele and legal or administrative assistance to Defendants and other staff.

18. Plaintiff did not perform work that was exempt from the overtime requirements of the FLSA or NYLL.

19. Plaintiff was not a professional, did not exercise independent professional judgment, did not have hiring or firing authority, and did not manage any enterprise or department.

20. In March and April 2024, Defendants instructed Plaintiff to work 40 hours per week.

21. At the end of April 2024, Defendants instructed Plaintiff to work a minimum of five ten-hour shifts per week.

22. From April 2024 through December 2024, Plaintiff reported her time manually via sticky notes because Defendants did not provide a time clock.

23. During this period, Plaintiff regularly worked more than 50 hours per week, including at least four weeks of 60 hours or more, but received no overtime pay.

24. In January 2025, Defendants instructed Plaintiff to record time via Bamboo HR, a virtual portal for HR support.

25. From January through March 2025, Plaintiff regularly worked more than 50 hours per week, including four weeks of 60 hours or more, but received no overtime pay.

26. All employees of Defendants worked through lunch at their desks.

27. Plaintiff received gross, straight-time pay for all hours worked, but did not receive pay stubs or records from Defendants.

28. Defendants paid Plaintiff and all employees in cash on regularly scheduled paydays by distributing envelopes bearing individual employee names.

29. Each payday envelope distributed to Plaintiff had her name on it and contained the gross product of her straight hourly rate for all hours worked, without overtime or deduction of any nature.

30. Defendants maintained and implemented a uniform policy, pattern, or practice of paying employees in cash, off the books, without overtime, without providing wage statements or pay rate notices, without withholding taxes, and without providing minimum statutory benefits mandated by federal, state, and local law.

31. Defendants did not provide Plaintiff with wage notices as required by NYLL § 195(1).

32. Defendants did not provide Plaintiff with wage statements as required by NYLL § 195(3).

33. Defendants did not provide Plaintiff with spread-of-hours pay as required by 12 N.Y.C.R.R. § 142-2.4.

34. Defendants did not maintain accurate time records of hours worked by Plaintiff.

35. Defendants did not maintain an accurate ledger of the cash payments remitted to Plaintiff as wages.

36. Defendants did not post mandatory federal or state labor notices in their workplace, including wage and hour rights, unionization rights, breastfeeding rights, and other workplace mandates in New York State.

37. Defendants did not provide Plaintiff with any pay stubs or wage records.

38. In 2025, Defendants issued Plaintiff a standard Form 1099-NEC for the 2024 calendar year, reporting $36,000 in non-employee compensation.

39. Plaintiff reported the $36,000 in gross wages and will be required to amend her tax returns upon receipt of unpaid wages.

40. On March 7, 2025, during the regular workday, Habib praised Plaintiff's work and told her he intended to give her a promotion to manager and another pay raise.

41. Plaintiff reminded Habib that he had promised to place her on payroll.

42. On March 9, 2025, Habib called Plaintiff, accused her of messing up a file, and fired her.

43. Later that day, Habib's wife called Plaintiff back into the office for assistance on March 10, 2025.

44. On March 10, 2025, when Plaintiff requested to speak with Habib, he refused and repeated that she was fired.

45. Defendants employed other non-exempt employees, including administrative staff, legal assistants, receptionists, and other personnel, who were paid in cash and subject to similar wage-and-hour practices.

46. Defendants' wage policies and practices were applied to Plaintiff and other similarly situated non-exempt employees uniformly.

47. Upon information and belief, Defendants did not withhold taxes from employee cash payments or remit payroll tax.

48. Upon information and belief, Defendants did not provide pay rate wage notices or pay stubs as required by New York's Wage Theft Prevention Act.

49. Upon information and belief, Defendants did not provide mandatory required benefits such as Workers' Compensation, Unemployment, Short Term Disability, Paid Sick Leave, and Paid Family Leave.

50. Upon information and belief, Defendants did not maintain payroll records, time records, and other required records for Plaintiff as required by the FLSA and NYLL.

51. Upon information and belief, Defendants did not provide employees with worksite labor notices regarding NYLL and FLSA rights or any other workplace rights required by law.

52. Upon information and belief, Defendants knowingly provided Ms. Tine with a false 2024 1099 statement because they did not keep accurate time and payment records.

53. Plaintiff seeks unpaid overtime and spread-of-hours wages, and the full measure of statutory damages, including back-pay, front pay, liquidated damages, and punitive damages, together with pre-judgment interest, costs, disbursements of litigation, and reasonable attorneys' fees.

## COUNT I

### FLSA – Failure to Pay Overtime 29 U.S.C. § 207

54. Plaintiff repeats and realleges paragraphs 1 – 53 as if fully set forth herein.

55. The FLSA requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek, 29 U.S.C. § 207(a)(1).

56. Plaintiff regularly worked more than forty hours per week.

57. Defendants failed to pay Plaintiff overtime compensation at one and one-half times their regular rate of pay for hours worked over forty in a workweek.

58. Defendants' violations of the FLSA's overtime provisions were willful and intentional.

59. Plaintiff is entitled to recover unpaid overtime wages, an equal amount in liquidated damages, reasonable attorneys' fees, costs, and interest. 29 U.S.C. § 216(b).

**COUNT II**

**NYLL – Failure to Pay Overtime NYLL § 663; 12 N.Y.C.R.R. § 142-2.2**

60. Plaintiff repeats and realleges paragraphs 1 – 53 as if fully set forth herein.

61. The NYLL and its implementing regulations require employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

62. Defendants failed to pay Plaintiff overtime compensation at one and one-half times their regular rate of pay for hours worked over forty hours in a workweek.

63. Defendants' violations of the NYLL's overtime provisions were willful and not in good faith.

64. Pursuant to NYLL § 663, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**

**NYLL – Failure to Pay Spread-of-Hours 12 N.Y.C.R.R. § 142-2.4**

65. Plaintiff repeats and realleges paragraphs 1 – 53 as if fully set forth herein.

66. Under the New York Minimum Wage Order applicable to miscellaneous industries, an employee whose workday exceeds ten (10) hours is entitled to one additional hour's pay at the basic minimum hourly wage rate, known as "spread of hours" pay.

67. Plaintiff regularly worked days exceeding ten (10) hours in length.

68. Defendants failed to pay Plaintiff spread-of-hours compensation for days when their workdays exceeded ten (10) hours.

69. Defendants' failure to pay spread-of-hours compensation was willful and not in good faith.

70. Plaintiff is entitled to recover unpaid spread-of-hours wages, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT IV**

**NYLL – Failure to Provide Hiring Notices NYLL § 195(1)**

71. Plaintiff repeats and realleges paragraphs 1 – 53 as if fully set forth herein.

72. NYLL § 195(1) requires employers to provide employees, at the time of hire, with a written notice containing, inter alia, the employee's rate or rates of pay, the overtime rate of pay (if applicable), the basis of wage payment (hour, shift, day,

week, salary, piece, commission, or other), the regular pay day, and the name and contact information of the employer, in English and in the employee's primary language if available.

73. Defendants did not provide Plaintiff with compliant notice at the time of hire or at any other time.

74. Pursuant to NYLL § 198(1-b), Plaintiff is entitled to recover statutory damages of fifty dollars ($50) for each workday that the violation occurred or continued to occur, up to a maximum of five thousand dollars ($5,000) per employee, together with reasonable attorneys' fees and costs.

**COUNT V**

**NYLL – Failure to Provide Wage Statements NYLL § 195(3)**

75. Plaintiff repeats and realleges paragraphs 1 – 53 as if fully set forth herein.

76. NYLL § 195(3) requires employers to furnish employees with a statement with each payment of wages, listing, inter alia, the dates of work covered by that payment of wages, the employer's name, address, and phone number, the employee's name, the rate or rates of pay and basis thereof, gross wages, deductions, allowances (if any) claimed as part of the minimum wage, and net wages.

77. For non-exempt employees, the statement must also include the regular hourly rate, overtime rate, and the number of regular and overtime hours worked.

78. Defendants did not furnish Plaintiff with any wage statements, much less accurate wage statements, with their payments of wages.

79. Pursuant to NYLL § 198(1-d), Plaintiff is entitled to recover statutory damages of two hundred fifty dollars ($250) for each workday that the violation occurred or continued to occur, up to a maximum of five thousand dollars ($5,000) per employee, together with reasonable attorneys' fees and costs.

**COUNT VI**
**FLSA Retaliation § 215(a)(3)**

80. Plaintiff repeats and realleges paragraphs 1 – 53 as if fully set forth herein.

81. FLSA § 215(a)(3) prohibits employers from discharging, penalizing, or otherwise discriminating against an employee because the employee has complained about a violation of rights protected by the FLSA.

82. Plaintiff engaged in protected activity by, among other things, asking to be placed on payroll, requesting proper wage statements and lawful payment practices, and complaining about being paid in cash, off the books, without appropriate records or withholdings.

83. Plaintiff made her request to Defendant Habib.

84. Defendants were aware of Plaintiff's protected activity.

85. Shortly after Plaintiff's request, Defendants terminated Plaintiff's employment.

86. Defendants' termination of Plaintiff was motivated by her protected activity and was in retaliation for her request to be properly payrolled.

87. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered loss of income, emotional distress, and other damages.

88. Pursuant to FLSA § 216(b), Plaintiff is entitled to lost wages, including front pay instead of reinstatement, back pay, liquidated damages, costs, reasonable attorneys' fees, and such other relief as this Court deems just and proper.

**COUNT VII**

**NY Executive Law § 296**

89. Plaintiff repeats and realleges paragraphs 1 – 53 as if fully set forth herein.

90. New York Human Rights Law forbids unlawful discriminatory employment practices based on, *inter alia*, immigration status.

91. Plaintiff possessed one or more such protected classifications, including specifically immigrant status.

92. At all relevant times, Plaintiff remained qualified for the position.

93. Defendants' termination was motivated in whole or in part by her immigration status to avoid properly paying Plaintiff.

94. Defendants terminated Plaintiff based on pretextual reasons to conceal their unlawful discriminatory practices.

95. Plaintiff seeks back pay, front pay, compensatory, emotional, and punitive damages, costs, and reasonable attorney's fees.

**COUNT IIX**

**NYC ADC § 8-107**

96. Plaintiff repeats and realleges paragraphs 1 – 53 as if fully set forth herein.

97. The New York City Administrative Code forbids unlawful discriminatory employment practices based on, *inter alia*, immigration status.

98. Plaintiff possessed one or more such protected classifications, including specifically immigrant status.

99. At all relevant times, Plaintiff remained qualified for the position.

100. Defendants' termination was motivated in whole or in part by her immigration status to avoid properly paying Plaintiff.

101. Defendants terminated Plaintiff based on pretextual reasons to conceal their unlawful discriminatory practices.

102. Plaintiff seeks back pay, front pay, compensatory, emotional, and punitive damages, costs, and reasonable attorney's fees.

**COUNT IX**

**NYLL § 215 Prohibited retaliation**

103. Plaintiff repeats and realleges paragraphs 1 – 53 as if fully set forth herein.

104. NYLL § 215(1)(a) prohibits employers from retaliating against employees who complain reasonably and in good faith to their employer, or any other person, that the employer has violated any provision of the labor law.

105. Plaintiff engaged in protected activity by, among other things, asking to be placed on payroll because she objected to ongoing cash payments.

106. Plaintiff made her request to Defendant Habib.

107. Defendants were aware of Plaintiff's protected activity.

108. Shortly after Plaintiff's request, Defendants terminated Plaintiff's employment.

109. Defendants' termination of Plaintiff was motivated by her protected activity and was in retaliation for her request to be properly payrolled.

110. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered loss of income, emotional distress, and other damages.

111. Pursuant to NY LL § 215, Plaintiff is entitled to lost wages, including front pay instead of reinstatement, back pay, liquidated damages, costs, disbursements, and reasonable attorneys' fees, and such other relief as this Court deems just and proper.

**COUNT X**

**NYLL § 740 Retaliatory action by employers**

112. Plaintiff repeats and realleges paragraphs 1 – 53 as if fully set forth herein.

113. NYLL § 740(2)(c) prohibits employers from retaliating against employees who object to or refuse to participate in any employment activity, policy, or practice that she reasonably believes violates the law.

114. Plaintiff engaged in protected activity by, among other things, asking to be placed on payroll because she objected to ongoing cash payments.

115. Plaintiff made her request to Defendant Habib.

116. Defendants were aware of Plaintiff's protected activity.

117. Shortly after Plaintiff's request, Defendants terminated Plaintiff's employment.

118. Defendants' termination of Plaintiff was motivated by her protected activity and was in retaliation for her request to be properly payrolled.

119. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered loss of income, emotional distress, and other damages.

120. Pursuant to NY LL § 740, Plaintiff is entitled to lost wages, including front pay instead of reinstatement, back pay, statutory civil penalties, costs, disbursements, and reasonable attorneys' fees, and such other relief as this Court deems just and proper.

**COUNT XI**

**26 USC 7434 Civil Damages for fraudulent filing of information returns**

121. Plaintiff repeats and realleges paragraphs 1 – 53 as if fully set forth herein.

122. Defendants knowingly issued a 1099 MISC NEC to Plaintiff for the 2024 calendar year for $36,000.

123. Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, and grant the following relief:

1. An award of unpaid overtime wages due under the FLSA and NYLL together with liquidated damages;
2. An award of unpaid spread-of-hours wages under the NYLL and its implementing regulations to Plaintiff and the Rule 23 Class, together with liquidated damages;
3. An award of statutory damages to Plaintiff for Defendants' violations of NYLL § § 195(1) and 195(3);
4. An award of back pay, front pay, an award for emotional distress damages, liquidated damages, civil penalties, punitive damages, and all other relief available under for Defendants' unlawful retaliation or discrimination, however styled, under FLSA § 215, NYLL § 215, NYLL § 740, NY Executive Law § 296, or NYC ADC § 8-107 to the fullest extent permitted by law without double recovery;
5. An award of $5,000 or the actual damages for fraudulently filing and misclassifying Plaintiff on its 2024 1099 NEC;
6. An award of pre-judgment and post-judgment interest as permitted by law;

7. An award of reasonable attorneys' fees and costs; and
8. Such other legal and equitable relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Mineola, New York
September 1, 2026

The Law Office of Matt Bryant, P.C.

Matt Bryant
*For Plaintiff*
25 Roslyn Rd.
Mineola, NY 11501
(516) 243-9908
matt@nyrightslaw.com